Pre-1804 v. Stephen Ficklin, a capture of the city of Norfolk, Ficklin, deceives Edward I. Collins, a guarantee v. Cameron Cooper, and Russell Ficklin, a found sub-sea domain. Mr. Miller. Good morning, Madam. Good morning. Council. The matter we're here on today, I feel, relates to a probate that was reopened in Iroquois County. It was a 2008 probate that was closed in 2009 and the issue that prompted the, why we're here today is about land. There's 113 acres in Iroquois County. That acreage was actually deeded into a land trust in 2007. And the title of that land trust was actually, and John and Steven Ficklin, both of his folks, Roy Ficklin and Lucille Ficklin, were beneficial interest holders in that land trust 50-50. At some point Lucille assigned her 50% beneficial interest to her husband, Roy, and then Roy passed away. As part of that probate, the initial probate that was opened up for Roy, the land, the tracts of land that were actually in land trust, what was deemed as called land trust 104, was identified and was actually listed as inventory in the original probate. Mr. Ficklin, Steven Ficklin, my client's right, Kathy Cooper, and his brother Russell, Steven Ficklin actually conveyed during the probate those tracts of land that were in land trust 104, they were the only tracts that were in there, he actually conveyed those to the family trust. And the family trust was a testamentary instrument that was in the will of Roy Ficklin. Steven Ficklin deeded it into that entity and there was a receipt, there was actually a deed that was recorded, where he grants it as land trust trustee, he accepts in the original probate receipt of that item, he actually records the receipt and then he closes PSA. Eight years later, nine years later, his mother passes away, Steven's mother passes away, Lucille. And during that probate process, we discovered that these tracts of land that were actually in the family trust, of which, by the way, Steven Ficklin is also trustee of that trust, were deeded out of that trust, that family trust that had been held in that trust producing income to his mother, Lucille, for years, was actually being deeded to himself without notice to any of the remainder beneficiaries. That led to a sequence of events. I and my co-counsel discovered that that had happened and we filed a motion to set aside the deed to him individually. The lower court judge indicated, yes, it needed to be set aside. That deed was not properly conveyed with notice to the beneficiaries. But it went a step further, which is why we're here. And that step further was the fact that the judge determined at that time that there was not a proper written letter of direction issued in 2008 when those original tracts were actually conveyed out of the trust. Can I interrupt you and ask a question? Apparently what's at issue here is the beneficial interest, is that correct? I believe what is at issue here is whether there was a proper conveyance, Your Honor, of those tracts of land out of this in 2008 by this deed. In other words, addressing your question, if that conveyance was legitimate and valid, there wouldn't have been a beneficial interest remaining. There would not be a land trust 104 to have a beneficial interest to convey. What actually happened is that land was actually fully conveyed out of land trust 104 back in 2008. That's our position. But under the trust document, the trust instrument, was there any provision made for the beneficial interest if the person who held that interest died? Under land trust 104, under that trust document, indeed there was. Our position is what happens to the beneficial interest when Roy passed away is that it was actually held then by Roy's estate. It's actually held by Roy's executor, Stephen Fitland, who is the same gentleman who actually signed the deed conveying the land to the family trust. Taking it a step further in looking at the support of the case of Lambos, where there was a conveyance by the land trust trustee to the mother out of the land trust, and the mother was the beneficial interest holder. We actually think the facts of this particular case are stronger. We think the written letter of correction is actually the deed, that where Stephen signs as the beneficial interest holder, as executor, as land trust trustee, and as the trustee of the family trust acknowledging that that's being accepted, that there did not necessarily need to be some separate written instrument with Stephen telling himself that it needed to be conveyed out. He was executor. He had full control of everything that was going on in the initial probate, and it was conveyed out. He signed it, he acknowledged it, and the final order was entered acknowledging the fact that he had inventoried everything, the tracts were there, and it went to the family trust. So that occurred, and because our position is that it was an effective conveyance, the trustee's deed that was reported back in 2008 was an effective conveyance, it is further our position that there is no need to reopen the estate before it went eight or nine years late. Now, I know that we brought up arguments for the fact that there has really never been a formal hearing or hearing at all regarding whether the, pursuant to 24-9, whether it's unsettled or newly discovered asset. Well, we know it's not newly discovered. It was actually set forth directly in the inventory. So we know that it's not newly discovered. The lower court looked to whether or not this was potentially unsettled. Well, our argument would be that it's not unsettled either. The matter was conveyed effectively by them. There was nothing left to do at that point, and nothing new has come up since then. So there really isn't anything unsettled about that. But beside that point, we did ask for it to compel a motion for hearing on the matter, and such was not granted. I believe the trial court's position was, essentially, the asset is still back in the estate years later. And that seems problematic because this has been reported. It's never been treated as being back in the estate. It's been treated as a Family Trust asset. In fact, Stephen Bicklin acknowledged that by deeding that property out of the Family Trust a year ago or whenever it was. I think it was a year ago. To himself individually. So because of that, we're asking this court to find if that was an effective conveyance. But the proper procedure wasn't followed anyway to reopen this over probate, and that this property belongs in the Family Trust, where Stephen Bicklin conveyed it back in 2008 and closed the estate by order, closing the estate, indicated that there was nothing left to be done. Thank you so much, Mr. Mayor. Mr. Schmidtski. Counsel, I please this court. I represent Stephen Bicklin. Stephen had two siblings who are the plaintiffs in this case. Russell Bicklin and Catherine Coopers. And they are all the adult children of Roy Bicklin and Lucille Bicklin. Now, Stephen Bicklin stayed at home and went into a farming business with his father, which lasted four years. And they were each 50-50 owners, with the father's 50% being split as tenants in common with his wife, Lucille. Stephen, during his parents' respective lifetimes, was given trust and was trusted and credited with really building up the business and acquiring land to farm. And I believe it's shown by the record that he was, as has been talked about by counsel, he was the executor for his mother and father. He was the trustee under certain land trusts. And he was the trustee under the family trust. Now, the thing that was not mentioned by counsel is the will. And the will was construed by the trial court. And the will was construed as giving a specific request of the farmland that's in question here, 113 acres. But it was subject to the family trust that was created. The importance of that is the income from the family trust, after the father's death, went to the mother. Plus, the trustee, which was Stephen, also had the power to evade principle if necessary for her support. That is why he transferred the property in what we're calling Illinois Land Trust 104, which was his 113 acres, he transferred that by deed into the family trust. Because during the lifetime of his mother, that could be used for her support, both income and, if necessary, principle. Was there a marital trust as well? Excuse me? Was there a marital trust as well? No, because for the reason that the unified exemption covered it, so there was no need to do the marital trust. So only the family trust was funded. Now, upon Lucille's death, then, in the administration of her estate, the property was transferred by Stephen Picklin as the will directed to himself individually. And the other parts of the specific requests in the will, they had already been delivered. The residence, life insurance proceeds, those were specific gifts to the other two children. That's correct. And they had already been delivered. And so then in the other, there's other parcels of land that were in the family trust and at this, that were for the lifetime use care benefit of the mother. Some of that property then remained in the family trust and was divided in this. It is to be divided if we ever get through this litigation. Oh, well, and then this is to satisfy the specific request of the division among the three children. Correct. What Your Honor is referring to, we refer to as the land trust 103 property, which was everything, all the other farmland, other than the 113 acres that went into the specific request. And so at that point, in the estate of Lucille Bicklin, the plaintiffs in this case, filed a motion to set aside the deed that went, that Stephen made out as trustee of the family trust to himself individually for the 113 acres. And they contended that because there was no letter of direction, it was an invalid transfer from an Illinois land trust. In other words, there has to be under the terms of that Illinois land trust, the court ruled that it had to be,  In this case, it would have been a letter of direction from Stephen Bicklin as trustee to Stephen Bicklin individually. Now, what the trial court ruled was, Your Honor, I'm going to set aside that deed, but I'm setting aside the deed because the property never got to the family trust as far as title was concerned. And not only that, there's no letters of direction for any of the previous deeds, the previous deed into the family trust. And so that transfer into the family trust was void and the property, therefore, remains back where it started. Title II, the property is in the Roy Bicklin estate. It's never been transferred out. So for that reason, and the trial court also found that there was not, that the specific request was defective. Actually, the trial court would say, trial court would have approved the property being transferred to Steve Bicklin individually at the time of the probate of Roy Bicklin. But it acknowledged that it didn't, that there was no, that it was a proper purpose. And we think the correct way to interpret this will to transfer it into the family trust, which it was. So either way, the trial court ruled that it was to be the property under the specific request. Now, in addition, this court knows that I have, in my brief, contended that there is no jurisdiction in this court for failing to file a notice of appeal at the time of the transaction. I would like you to speak to that. I would like you to speak to that, please. Okay. The, Rule 304, B1 is the, is the, grounds the appellant's appeal to this court. It said, it provides specifically under 304 B1, a judgment or order entered in the administration of an estate which violently determines a right or status of the party. That is what they're appealing. They are, their notice of appeal was to, to be directed to, and it was directed to, the reopening of the estate. Rule 304 states that the time for filing a notice of appeal shall be as provided in Rule 303. That is within 30 days. They didn't do that. They make some complaint, well, they make, they file some type of a motion a couple of months after the order, but they don't, that is not a timely post-trial motion that would stay the filing of the notice of appeal because it's two months out. It's got to be filed within 30 days. So, so this appeal is, this matter is jurisdiction. And without the proper notice of appeal, I'm saying that this court should deny the appeal on that basis. They do make some complaint in a reply brief about, well, we didn't know about the actual entry, but the record shows that they were there on the day it was argued. The notice requirement in the, in the statute providing for this is, it says that the court can order if it's the same executive, which it was, being reappointed to, to administer an asset that hasn't been settled, and the court's ruling was that, that it hadn't been settled, then no notice is required in the statute. It sounds like two minutes. Um, and I think that's my argument on that. Are there any other questions? Yes, ma'am. Thank you. Thank you, Mr. Smith. Mr. Hatch, too. Mr. Mann and your rebuttal. Yes, Judge. Thank you. Counsel, started this argument by informing you on a number of things regarding the probate that are not on the record. We do not know why Stephen Fickman decided to take possession of land that, and by the way, as an aside, I did actually bring up the will. I brought up the family trust, which is a testamentary instrument that's actually created under the will, in addition to the marital trust, which is actually, is actually a testamentary trust in that will as well. And I suppose we could speculate that, that why these assets went into the family trust as opposed to the marital trust when there was no escape tax owed. But there would have been other ways to provide for his mother and the income off of that other than putting it into the family trust. And I think that's decidedly wrong. He didn't deed back properly in there with a reverter or some sort of remainder interest to go back to him. What he did is he took an asset that was in a family trust of which he was the fiduciary in my client. Two of them were the beneficiaries to which he owed a duty of loyalty. And he just went ahead and deeded it out for himself. Which is, you know, arguably, a breach of his duties as the trustee. Now, as far as the jurisdictional argument, there was no hearing. And the reason why we brought this issue under 304 B.1 is because this is a matter that actually revests a court jurisdiction. It doesn't end it. It starts the clock running on a 30-day basis. And when we determined without any knowledge of the order actually being entered, although he contends to the contrary, that that order was entered, we actually went in and we asked for the judge to vacate that order or to compel a hearing so we could actually have a 24-9 hearing on the issue. What is this that we're dealing with? And those issues, the issue regarding jurisdiction of our motion to vacate and motion to compel hearing, never came up at the trial court level. There was actually a full hearing on those issues. And the judge decided that to clarify his findings in his original order, which he had initially said it was unsettled, and then he sort of flopped and said maybe this was a newly awarded asset, and then he indicated that he was going to incorporate the findings from the Lucille Ficklin probate into the Roy Ficklin decision, which is why we're talking about these two probates. So I don't believe that there's any issue here that, timing issue. We certainly are arguing that the decision to reopen a probate, what I would call a scale probate or probate that's been closed for years without a hearing and without proper notice to the parties, whether there was notice provided or not, there's no argument that there was not a hearing. Essentially, what happened was that it was reopened borrowing the findings from another, from the findings on the motion set aside in D. So, there cannot be this sort of um, uh, you know, justice requires that, you know, because he was to receive this specific request under the will that now would go back, um, he did receive it. He received it as the executive. And we don't know why, we still don't know why he decided to actually take that asset with advice from counsel. He wasn't doing this on his own. And his counsel actually, actually prepared the deed. Deeding these tracts of property into the family trust. Um, the written letter of direction, at all times he was the beneficial interest holder as executive, he was the land trust trustee, he was the trustee of  trust. And he explored other ways to provide income from his mother. I don't know that there's been any testimony that what was already in the family trust was insufficient for her care. Um, but that doesn't address the issues that we're here to discuss today. Can that be standard to, um, at a later date, add things to the, um, family trust for, for her care? And he said, you know, there was no, nothing established that she would have ever needed that money, but is that a requirement in order, you know, if the property was put in there to, you know, in the event that it might have needed some for her care, is it required to say she only put in what you're going to need or what you anticipate you're going to need and then maybe you have to supplement it later? Like, my, my understanding of, of these is that I think at this point it was made for Illinois, maybe it would have been federal, it was 1,000, it's in the order, um, that it wasn't determined that it wasn't going to be a state tax. Um, so I'm not clear why it can all just go into the  and then formally disclaim that property into one of those trusts for his mother's care. Um, there wasn't anything in the original probate that indicated that that's what was happening, so we don't know. All we know is what we've been given on the record is that there was a deed fully reported actually referencing the will. And the land trust trustee as the complete owner of all the interest in this, I'm going to take this particular asset and I'm going to place it in the family trust. And on the other side of that transaction is family trust trustee, I'm going to go ahead and accept it. Um, but that all happened. Um, there's no dispute as to that. Um, and so um, anything else, any other testimony regarding why he did it or whose care, it's all conjecture. It's not part of it's not part of this at all. Thank you for your time. Okay, thank you Mr. Mann, and thank you both for your argument today. We're going to have another five minutes. Get back to me with a written disposition. Thank you. Thank you very much.